SMITH v. SMITH.

A. conveyed one parcel of land on one side of a mill-pond to B., and another parcel on the other side to C. He also conveyed "the dam and the stream-pond and pondage ground adjacent to "the lands above described, and bounded as follows," &c., to both as tenants in common. In consequence of alterations made by one of the parties, litigation arose as to the fair division of the use of th e water; and a bill of partition was filed, praying a sale, if no other mode of dividing was practicable without injury to the parties.

*Held*, upon examination of the cases, that the court possesses the power of decreeing a partition by regulating the use of water, either by driving a stake properly marked as was suggested, or using it for alternate periods. But that the mode of dividing by a sale of the premises given by the legislature, was a more effectual method of meeting such difficulties as were here presented; and there was no reason for supposing that a sale would not realize the fair value of the property. Practical inconveniences would attend any other mode.

June 10, 26.    *Mr. Wm. Silliman*, for the complainant.

*Mr. Dyckman*, for defendant.

THE ASSISTANT VICE-CHANCELLOR :—The bill seeks a partition of certain premises, and in case that an actual division cannot be made, then that the property be sold, and the proceeds divided.

The father of the parties to this suit was seised of three several parcels of land, one the property in question being a dam and mill-pond, another a piece of ground and mill on the one side of the dam, and a third a piece of ground and mill on the other side of the dam. He conveyed one parcel and mill to the complainant, another parcel and mill to the defendant, and the dam and pond to them both as tenants in common. This conveyance is by metes and bounds describing it as "all the dam above mentioned, "and the stream pond and pondage ground adjacent to

"the lands above described, and bounded as follows, to "wit, on the east," &c.

Alterations have been made by both parties in their respective mills and appurtenances. These alterations have given rise to great controversy, as to the fair and equal participation of the water, which frequently is insufficient to serve the necessity of both. A great mass of testimony has been taken to points which I think of no consequence in the cause. The leading question is, whether the complainant is not absolutely entitled to a partition, to be effected by some regulation as to the employment of the water, or to a sale under the statute.

A partition at law that one shall have the occupation of the land from Easter to August solely, and the other from August to Easter, was adjudged a good partition in the time of Edward I. *Fitzherbert Nat. Br.* 62 *K.*

So it was held by Anderson and Glanville, that a writ of partition would lie of a view of frank pledge, for though it be not severable in itself, yet the profits may be divided, that the one may have it at one time and the other at another. *Walmsley* and *Kingsmill, contra, Moor* v. *Onslow, Croke. Eliz.* 760. I presume that these profits were fees taken by the sheriffs at the county court for settling persons at fourteen in a particular decenary. *Tomlin's Law Dictionary, tit. Frank Pledge.*

In like manner partition of an advowson might be made, to present by turns. *Viner, tit. Partition,* (*A.* 2.)

In the year books it is laid down that joint tenants or parceners of a mill may make partition of it, though it cannot be severed. Cited *Viner Abr. tit. Partition, B.* 2, 3.

Lord Holt has observed that where the thing and its profits are the same, partition of the profits is partition of the thing, 1 *Salkeld,* 43. And lastly, Lord Coke says, that where the common ancester left no other inheritance to give any thing in allowance by the eldest co-parcener to the younger, then even estovers, piscary, or common incertaine, may be allotted to one for a time, and the other for a like time. And if of a mill, one to have the mill for a

time, and the other for a like time ; or the one, one toll dish, and the other the second. *Coke Littleton*, 165, *a*. He cites Bracton to the like effect.

These authorities establish that at common law, a partition at law would in effect be made of things not in their nature partible, by assigning the use in equal proportions. And this meets an argument of counsel, that as there could be no actual partition of the water, as that was not in its nature partible, there could be no sale. That the statute meant to allow a sale of such descriptions of property as might be severed and held and used in severalty, but where to do so would occasion injury. The answer is, that the statute allows a sale where at law a writ of partition would lie, without regard to the mode in which the writ would be executed.

The case of *Miller* v. *Miller*, (13 *Pickering*, 237,) which has been referred to, went off upon the ground that a part only of the common tenement, viz., the dam and water, not of the soil, was sought to be divided. In *Brown* v. *Turner*, (1 *Aiken's Rep.* 353,) the petition was for a partition of a saw-mill, mill yard, and pond. The plea set up that they were used in turn according to the rights of the parties, and as accustomed to be used. The court say a partition would destroy the whole. The using by turns is the only practicable mode in which such property can be occupied, unless the nett profits should be divided, as might be done by appointing a receiver. That if the prayer of the petition had included an assignment to one, or a sale of the whole, the court would not deem it proper to make such an order, without different reasons from those which appeared. If the conduct of the parties was such that the petitioner could not have and enjoy his turn in the occupancy of the premises, it would bear a different consideration.

This case leads to the inference, that in Vermont, the court has the power to order a sale, and may exercise its discretion upon the subject.

It appears also, that in that state a court of law, though authorized to adjudge a sale, may exercise a discretion in

relation to it, and may send the parties to the court of chancery to have their enjoyment regulated, by appointing a receiver or otherwise. Where the premises consisted of an ore bed, this course was taken. (*Conant* v. *Smith*, 1 *Aikens*, 67.)

In *Hanson* v. *Willard*, (1 *Fairfield*, 142,) the supreme court of Maine delivered a very instructive opinion upon the general power of the court. The authority to appropriate the use, where a division by metes and bounds is impossible, is asserted.

In Pennsylvania, difficulties of this description are avoided, as the statute authorizes the court to award the property to one of the parties at a valuation, and where none agrees to take it, a sale is directed. (*Dewar* v. *Spence*, 2 *Wharton's Rep*. 221.)

It is unquestionable, that a partition is a matter of right, and where a writ at law could issue, this court must grant a commission. No considerations of inconvenience, however gross, can authorize the court to refuse it. The case before Lord Eldon, where one party was entitled to two thirds of a house, and the other to one third, is very strong upon this point. (*Turner* v. *Morgan*, 8 *Vesey*, 143. *Warner* v. *Baynes*, *Ambler by Blunt*, 589.) In the latter case, the court decreed as to the manner in which the premises should be enjoyed, where the valuable part of the property consisted in rents of water pipes, put down by the New River Company.

In *North* v. *Guinan*, (1 *Beatty's Rep*. 342,) Lord Chancellor Hart said, that a commission of partition is due of common right, to every tenant in common, however minute his share, even though the division might diminish or possibly destroy the value to both. See also *Wisely* v. *Finlay*, (3 *Randolph*, 361.)

In *Lister* v. *Lister*, (3 *Younge & Collyer*, 544,) the court sustained a return of commissioner's, awarding that one party should permit the other to have a right of way to the premises allotted to him, and that one should put up new fences, and keep them in repair. Alderson, Baron, said, though he was not prepared to say to what extent,

the court upon a commission of partition will authorize the erection of walls, yet the commissioners have the power of doing what is reasonable in those cases. It might be, that in order to do justice, fences should be erected. If so, that such a direction might be made, and the court would see that the commissioners kept within proper limits. There would be no practical difficulty in this direction; for the deeds of partition may contain proper covenants for the erection and repair of the fences.

In *Parker* v. *Gerrard*, (cited *Ambler by Blunt*, 236,) the commissioners returned, that one party should erect a wall.

From an examination of these authorities, I have no doubt that this court possesses the power of decreeing a partition by directing either a regulation of the use of the water in the manner suggested by driving a stake, or allowing the parties to use it for alternate periods. But the legislature has provided a mode of separating the tenancy in common by a sale; and undoubtedly in almost every case, this method avoids those practical difficulties which attend an actual division. Nor can I see that in the present instance competition must be so excluded as that a fair price cannot be obtained. It is the interest of each owner to give a fair price for the property. It may be the interest of strangers to bid, either with a view to purchase the adjacent property of one or both, or to sell on accommodating terms of credit and for a profit to one of the parties. A simple and effectual mode is thus provided of attaining the object of the bill. An alternate enjoyment, I apprehend, would be attended with great practical inconveniences, nor would the planting of a stake to regulate the stage of water at which the running of the mills should cease, necessarily remedy the difficulties which now exist, and prevent altercation and controversy between the parties.

In my opinion the complainant is entitled to the usual order of reference to inquire into title, incumbrances, &c., as directed by the 177th and 178th rules.

With respect to the question of costs, I do not see but that the unnecessary expenses of testimony has arisen

from a mutual error. The allegation in the bill as to an agreement not to carry on the same business as the complainant is denied and not proven. The allegation as to grinding for half toll is fully met by the answer and testimony. The averment of the answer, that there was an agreement to continue the holding in common is wholly unsupported. The principal part of the evidence, however, is taken in relation to the various alterations in the mills and works; this in my view was not necessary, but I can well see that counsel may have deemed it prudent to enter upon it. I think justice will be done by making each party bear his own costs down to this decree.